ACCEPTED
14-14-00875-CV
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
1/7/2015 9:19:02 AM
CHRISTOPHER PRINI
CLERK

No. 14-14-00875-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/7/2015 9:19:02 AM
CHRISTOPHER A. PRINE
Clerk

§

§

## IN THE FOURTEENTH COURT OF APPEALS

## AT HOUSTON

## JUDICIAL DISTRICT

§

§

In re Wilma Reynolds

§

§

## RESPONSE TO RELATOR'S SECOND MOTION TO STAY

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Real Party in Interest DAVID REYNOLDS, "David," files this response to the "Second Motion to Stay" filed by Relator WILMA REYNOLDS, "Wilma," on December 29, 2014. The motion should be denied in its entirety for the following reasons:

*Introduction*

This petition to stay is filed in connection to a request for rehearing upon a DENIAL of petition for writ of mandamus. This Court originally denied Wilma's request for mandamus relief stating that "Wilma has not provided a sufficient record for this court to determine whether this was her first objection." (*See:* Exhibit 1, Memorandum Opinion, December 16, 2014). The day after this Court denied Wilma's request, on December 17, 2014, Wilma filed a Petition for Writ of Mandamus in the Supreme Court, which is currently pending. Wilma also filed with the Supreme Court a Motion to Abate the Supreme Court action, and a Motion to Stay the trial court action. As of the filing of this action, all requests with the Supreme Court remain pending. (*See:* Case 14-1059, *In Re Wilma Reynolds*).

On December 19, 2014, Wilma filed a Motion for Rehearing in the 14th Court of Appeals, with her Second Motion to Stay. David and the amicus attorney have each filed a Motion to Release Funds in the Registry of the Court at the trial court level to satisfy their judgments ordered at the trial court level. Additionally, David filed a Motion for Enforcement at the trial court level against Wilma in an effort to satisfy his judgment. Both motions are set for hearing on January 8, 2015.

1.

This Court has already determined that Wilma is not entitled to extraordinary relief due to her failure to provide a sufficient record the first time this issue was presented to the Court. Relator shows no substantial change in circumstances since this denial; as such, Wilma's motion for both rehearing and motion to stay are thinly veiled attempts to avoid the enforcement of payment of the sanctions ordered by the trial court for filing her continuous recusal motions. A stay is not necessary to maintain the status quo of the parties or to preserve this Court's jurisdiction. The status quo of the parties is maintained by the order entered in the underlying cause. A pending request for mandamus does not change the fact that Wilma has filed more than three motions to recuse, and as such, is mandated to pay sanctions. "A judge hearing a tertiary recusal motion against another judge who denies the motion *shall* award reasonable and necessary attorney's fees and costs to the party opposing the motion. The party making the motion and the attorney for the party are jointly and severally liable for the award of fees and costs. The fees and costs *must* be paid before the 31st day after the date the order denying the tertiary recusal motion is rendered, *unless the order is properly superseded.*" Tex. Civ. Prac. & Rem. Code Ann. § 30.016 (West) (emphasis added).

2.

In fact, the order is *not* properly superseded, as Wilma wholly failed to supersede the judgment ordered in this case as permitted by Tex. R. App. P. 24. Wilma has failed to even *request* a determination from the trial court regarding *any* matter pertaining to suspension of the judgment. Wilma's request for extraordinary relief has already been denied once. Rather than filing appropriate instruments and/or pleadings, and obtaining a ruling thereon, Wilma *once again* seeks the extraordinary intervention of this Court. This is an abusive tactic which unnecessarily wastes this Court's valuable resources.

3.

Wilma's original motion is without merit and it has no basis in law or in fact. Her petition for mandamus was denied once before on the same grounds; as such, this motion to stay should be DENIED as it is brought in bad faith, and purely for purposes of delay and harassment, albeit in connection with a request for rehearing. The repeated and nonmeritorious filings by Wilma tax the valuable time and resources of this Court (and the Supreme Court, for that matter). This delays justice for everyone, not simply the litigants in *this* case.

4.

For the foregoing reasons, David requests the Court to deny the motion and to sanction Wilma's lawyer for the filing of the frivolous second motion to stay.

Respectfully submitted,


/s/ Kelly McClendon
Kelly McClendon
203 East Cedar Street
Angleton, Texas 77515
Tel: 979.849.4387
Facsimile: 979.849.3366
Email:kdmcclendon@comcast.net
SBN: 13407200
Attorney for Appellee

## CERTIFICATE OF SERVICE

I certify that a true copy of this response was delivered to the following counsel of record in this case by e-mail transmission and by facsimile transmission on this 7th day of January 2015:

Mr. Carl W. Gordon
The Gordon Law Firm
PO Box 301126
Houston, Texas 77230
Facsimile: 713.636.2565
E-Mail:carlwgordon@gmail.com

Ms. Peggy S. Bittick
Law Offices of Peggy S. Bittick
PO Box 1017
Pearland, Texas 77588
Facsimile: 281.485.0171
E-Mail:peggysbittick@aol.com

/s/ Kelly McClendon

## CERTIFICATE OF COMPLIANCE

Relying upon the word count function in the word processing software used to produce this document, I certify that the word count of this document is 725 words.

/s/ Kelly McClendon
Kelly McClendon

**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 16, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00875-CV

## IN RE WILMA REYNOLDS, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
300th District Court
Brazoria County, Texas
Trial Court Cause No. 48170**

---

## MEMORANDUM OPINION

On October 31, 2014, relator Wilma Reynolds filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jeff Walker, visiting judge of the 300th District Court of Brazoria County, to set aside his October 29, 2014 orders (1) denying relator's objection to the assigned judge; (2) denying relator's motion to recuse Judge C.G. Dibrell; (3) denying relator's



EXHIBIT

1

motion to recuse Judge Randy Clapp; and (4) imposing sanctions against relator as void.

Five judges, plus the regional presiding judge, have been involved in the underlying case. Relator objected to the latest judge, Judge Walker, who was assigned to hear relator's recusal motions against Judge Dibrell and Judge Clapp pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.053 (West 2013). Judge Walker denied relator's objection to his assignment, stating this was her second section 74.053 objection. Under section 74.053, a party is allowed only one objection to a visiting judge, except when a visting judge is a former judge. *Id.* § 74.053(b), (e). Wilma has not provided a sufficient record for this court to determine whether this was her first objection pursuant to section 74.053. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Relator has not established that she is entitled to mandamus relief. Accordingly, we deny relator's petition for a writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Donovan.

2